IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                                                       Civ. No. 21-549 KWR/KK

316 75TH STREET S.W., ALBUQUERQUE,
NEW MEXICO, 87121, *et al.*,

        Defendants,

and

BRITTANY GONZALES, *et al.*,

        Claimants.

## ORDER ON PLAINTIFF'S MOTION TO COMPEL CLAIMANT RIOS TO RESPOND TO REQUESTS FOR ADMISSION

THIS MATTER is before the Court on Plaintiff's Motion to Compel Claimant Edgar Rios to Respond to Requests for Admissions and for a Ruling on Requests for Admissions (Doc. 79) ("Motion"), filed September 6, 2022. Plaintiff filed a Notice of Completion of Briefing regarding the Motion on September 22, 2022, and also filed a supplement to the Motion on October 6, 2022 in compliance with the Court's October 4, 2022 Order. (Docs. 90, 102, 104.) Having reviewed Plaintiff's submissions, the record, and the relevant law, and being otherwise sufficiently advised, the Court FINDS that the Motion should be GRANTED IN PART and DENIED AS MOOT IN PART and that the Court should DEFER RULING on the Motion IN PART. The Court further FINDS that Claimant should be required to file a written notice indicating whether he still intends to prosecute his Claim (Doc. 27).

On July 28, 2022, Plaintiff served a first set of requests for admission (Doc. 79-1) ("RFAs") on Claimant Edgar Rios ("Claimant") by sending them to Erios20643@gmail.com, and to 7304

Desert Morning Road, S.W., Albuquerque, New Mexico, 87121-8486. (Doc. 66 at 2.) On September 6, 2022, Plaintiff served its Motion regarding the RFAs by sending it to the same addresses. (Doc. 80.) In its supplement, Plaintiff explained that it served Claimant at these addresses because Claimant's former counsel, Charles Knoblauch, told Plaintiff's counsel that these were Claimant's last known addresses shortly after Mr. Knoblauch withdrew from the case, leaving Claimant to proceed *pro se*.[1] (Doc. 54; Doc. 104-1 at 2.) The Court therefore finds that Plaintiff properly served the RFAs and the Motion on Claimant.

In its Motion, Plaintiff states that Claimant has failed to respond to its RFAs. (Doc. 79 at 2-3.) It therefore seeks an order compelling him to do so. (*Id.*) Plaintiff further asks the Court to "rul[e] that all Requests for Admissions are admitted." (*Id.* at 3.) Finally, Plaintiff asks the Court to sanction Claimant, asserting that his failure to respond to the RFAs "warrants this Court's disposal of the claim, defense, and entire submissions by [Claimant]." (*Id.*)

Because Plaintiff served the Motion on September 6, 2022, the deadline for Claimant to respond to it expired no later than September 23, 2022. D.N.M.LR-Civ. 7.4(a); Fed. R. Civ. P. 6(d). To date, Claimant has not responded to the Motion. Claimant's failure to timely respond to the Motion constitutes consent for the Court to grant it. D.N.M.LR-Civ. 7.1(b). Nevertheless, in the interests of justice, the Court will consider the Motion's merits to determine whether and to what extent the requested relief is warranted at this juncture.

Federal Rule of Civil Procedure 36 authorizes a party to "serve on any other party a written request to admit … the truth of any matters within the scope of Rule 26(b)(1)[.]" Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the

---

[1] According to Plaintiff, "[n]o mailing has been returned to Plaintiff as undeliverable" and "Plaintiff has not received a 'bounce back' of any communication directed to [Claimant] at the provided e-mail address." (Doc. 104 at 2.) Plaintiff further states that it confirmed the physical address "through an Accurint search" and the e-mail address through "[a] reverse e-mail search." (*Id.* at 3.)

request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed R. Civ. P. 36(a)(3). Any "grounds for objecting to a request must be stated," and "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4), (5).

Under Rule 36, a "requesting party may move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served," and if an answer is insufficient, "the court may order either that the matter is admitted or that an amended answer be served." *Id.* Rule 36 further provides that

> [a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b).

In light of the foregoing, the Court will grant the portion of Plaintiff's Motion seeking an order deeming the matters in the RFAs admitted, because Claimant did not answer or object to the RFAs within 30 days. Fed. R. Civ. P. 36(a)(3), (a)(6). However, the Court will deny as moot the portion of Plaintiff's Motion seeking an order compelling Claimant to respond to the RFAs, because the matters in them will have been deemed admitted.

Finally, the Court will defer ruling on the portion of the Motion requesting that it sanction Claimant by "dispos[ing] of" his "claim, defense, and entire submissions." (Doc. 79 at 3.) As noted above, a matter admitted under Rule 36 "is conclusively established *unless* the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b) (emphasis added). Here, the Court cannot yet determine whether granting a hypothetical motion to withdraw or amend

admissions "would promote the presentation of the merits of the action" or "prejudice [Plaintiff] in maintaining or defending the action on the merits." *Id.* However, in light of Claimant's failures to maintain contact with his former counsel and to respond to the RFAs and the Motion, (*see* Docs. 53, 79, 90), the Court will require Claimant to file a written notice within 30 days of entry of this Order indicating whether he still intends to pursue his Claim (Doc. 27). The Court cautions Claimant that failure to timely comply with this Order may result in dismissal of his Claim without further notice.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Claimant Edgar Rios to Respond to Requests for Admissions and for a Ruling on Requests for Admissions (Doc. 79) is GRANTED IN PART in that the matters in Plaintiff's First Set of Requests [for] Admissions to Claimant Edgar Rios (Doc. 79-1) are deemed admitted pursuant to Rule 36(a). However, the Motion is DENIED AS MOOT IN PART in that the Court will not order Claimant to respond to the requests for admission. The Court DEFERS RULING on the remainder of the Motion.

IT IS FURTHER ORDERED that, no later than **Monday, November 14, 2022**, Claimant shall file a written notice indicating whether he still intends to pursue his Claim (Doc. 27) in this case. If Claimant fails to do so within the time allowed, the Court may dismiss the Claim without further notice for failure to prosecute it.

IT IS SO ORDERED.

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE