## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                    Case No. 1:21-cv-00549-KWR-KK

316 7TH STREET SW
ALBUQUERQUE, NM 87121,

70 AKIN FARM
ESTANCIA, NM 87016,

1105 ALEXANDRA STREET SW
ALBUQUERQUE, NM 87121,

11 ALTA CT
EDGEWOOD, NM 87015,

19 AVENIDA ALLEGRE
TIJERAS, NM 87059,

9912 BELLEVUE
ALBUQUERQUE, NM 87114,

804 CROMWELL AVE SW
ALBUQUERQUE, NM 87102,

        Defendants-in-rem
and

BRITTANY GONZALES, JENNIFER SANCHEZ,
EDGAR RIOS, ROBERT CARAGOL, IRMA CARAGOL,
FRANCISCIO NAVARRO, AND WELLS FARGO BANK, N.A.

        Claimants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the United States' Motion to Dismiss Claim of Edgar Rios with Prejudice. Doc. 123. Having reviewed the parties' pleadings and the relevant law, the Court finds that the motion is not well taken, and therefore, is **DENIED**.

## BACKGROUND

The United States filed a complaint for forfeiture *in rem* against seven parcels of real property. Doc. 1. Claimant Edgar Rios filed a claim of ownership to the property at 316 75th Street SW. Doc. 27. On July 28, 2022, the United States served Requests of Admission (RFAs) on Mr. Rios. Doc. 79-1. Mr. Rios did not respond. On September 6, 2022, the United States served a motion seeking to compel Mr. Rios to respond to the RFAs. Doc. 79. Mr. Rios did not respond. On October 13, 2022, the Court directed Mr. Rios to file written notice indicating whether he intended to pursue his claim by no later than November 14, 2022. Doc. 108. The Court warned Mr. Rios that failure to file written notice within the time allowed may result in dismissal of his claim without further notice for failure to prosecute. *Id* at 4. Mr. Rios did not file the written notice. On September 1, 2022, the United States served Mr. Rios with notice to take his deposition on October 13, 2022. Doc. 72; Doc. 75. Mr. Rios did not attend the deposition. The United States now files a motion to dismiss the claim of Mr. Rios with prejudice. Doc. 123.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41 applies to a dismissal of any counterclaim, crossclaim, or third-party claim. Fed. R. Civ. P. 41(c); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009).

"[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). "Before dismissing a case with prejudice as a sanction—whether under Rule 41 or 37—a district court should evaluate specific factors on the record." *Ellis-Hall Consultants, LLC v. Hofmann*, No. 20-4040, 2022 WL 3972093, at *4 (10th Cir. Sept. 1, 2022); *see also Ecclesiastes v. LMC Holding*, 497 F.3d 1135, 1143–44 (10th Cir. 2007) (applying these factors in Rule 41(b) dismissal). These factors include: "(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus,* 965 F.2d at 921. These factors are "not exhaustive, nor are the factors necessarily" of equal weight. *Procter Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005) (quoting *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005)). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Ehrenhaus,* 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

## DISCUSSION

The United States argues that Mr. Rios' repeated failure to participate in this case warrants dismissal with prejudice. Doc. 123 at 4. Defendant argues that the *Ehrenhaus* factors do not support dismissal of Mr. Rios' claim. Doc. 126 at 4. After reviewing the *Ehrenhaus* factors, the Court agrees with the Defendant.

Mr. Rios' inaction on his claim has interfered with the judicial process. He repeatedly failed to comply with court orders, and he unnecessarily delayed litigation, wasting Court resources. The Court also warned Mr. Rios that if he failed to provide written notice indicating

whether he still intends to pursue his claim, "the Court *may* dismiss the claim without further notice for failure to prosecute it." Doc. 108 at 4 (emphasis added). However, Mr. Rios was not warned that dismissal *would be a likely* sanction for noncompliance. The Court also does not find the inference with the judicial process warrants the harsh sanction of dismissal.

The Court finds that the degree of actual prejudice to the United States was minimum. The United States argues that Mr. Rios' failure to participate in litigation prevented the United States from probing the claim and preparing for trail. Doc. 123 at 5. However, the United States was still able to reach settlements with other claimants. The Court also finds that lessor sanctions will be efficient to ensure Mr. Rios' future compliance with discovery orders, which will allow the United States to prepare for trial. The Court agrees that United States has experienced unnecessary delay in these proceedings, which the Court does not condone, but the Court finds that the prejudiced experienced due to the delay was minimum.

Mr. Rios is not a culpable litigant. The culpability factor requires " 'willfulness, bad faith, or [some] fault' rather than just a simple 'inability to comply.' " *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011) (alteration in original) (quoting *Archibeque v. Atchison, Topeka & Santa Fe Ry.*, 70 F.3d 1172, 1174 (10th Cir. 1995)). "[W]illful conduct stands in contrast to instances of " 'involuntary noncompliance.' " *Sheftelman v. Standard Metals Corp.* (*In re Standard Metals Corp.*), 817 F.2d 625, 628–29 (10th Cir. 1987) (quoting *Patterson v. C. I. T. Corp.*, 352 F.2d 333, 336 (10th Cir. 1965)). On May 17, 2022, Mr. Rios' attorney withdrew from the proceedings. Doc. 53. Mr. Rios was without representation until January 8, 2023. Doc. 125. During this time, Mr. Rios' appeared pro se and failed to comply with court orders. "*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Yang v. Archuleta*, 525 F.3d 925, 927 n.

4

1 (10th Cir. 2008)). However, Mr. Rios sought representation during this time, and since obtaining representation on January 8, 2023, Mr. Rios has been responsive to litigation. Mr. Rios' inaction was not willful, bad faith, or fault, but simply an inability to comply due to lack of representation.

Finally, the Court finds that lesser sanctions are efficient. The United States argue that because Mr. Rios was provided ample opportunity and failed to participate, a sanction short of dismissal would not have any efficacy. Doc. 123 at 5. The Court disagrees. Mr. Rios failure to participate in the litigation was primarily because of his lack of representation. Now, Mr. Rios has representation, and there is no evidence that Mr. Rios will continue to not comply with court orders. While lack of representation is not an excuse, the Court finds that lesser sanctions will advance the purpose of discovery. "Because dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as 'a weapon of last, rather than first, resort.' " *Ehrenhaus,* 965 F.2d at 921. Meade, 841 F.2d at 1520 n. 6.

Reviewing the *Ehrenhaus* factors, the Court finds that the aggravating factors do not outweigh the judicial system's strong predisposition to resolve cases on their merits. Therefore, the Court denies the United States' motion to dismiss for failure to prosecute.

The Court warns Mr. Rios that dismissal is a likely sanction should he not comply with court orders in the future.

**IT IS THEREFORE ORDERED** that the United States' Motion to Dismiss Claim of Edgar Rios with Prejudice (Doc. 123) is **DENIED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE