IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                            Case No. 1:21-cv-00549-KWR-KK

316 75TH STREET SW
ALBUQUERQUE, NM 87121,

70 AKIN FARM
ESTANCIA, NM 87016,

1105 ALEXANDRA STREET SW
ALBUQUERQUE, NM 87121,

11 ALTA CT
EDGEWOOD, NM 87015,

19 AVENIDA ALLEGRE
TIJERAS, NM 87059,

9912 BELLEVUE
ALBUQUERQUE, NM 87114,

804 CROMWELL AVE SW
ALBUQUERQUE, NM 87102,

    Defendants-in-rem
and

BRITTANY GONZALES, JENNIFER SANCHEZ,
EDGAR RIOS, ROBERT CARAGOL, IRMA CARAGOL,
FRANCISCIO NAVARRO, AND WELLS FARGO BANK, N.A.

    Claimants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Claimant Edgar Rios' Motion for Leave to Withdraw Deemed Admissions. **Doc. 142.** Having reviewed the parties' pleadings and the relevant law, the Court finds that the motion is well taken, and therefore, is **GRANTED**.

## BACKGROUND

On June 15, 2021, the United States filed a complaint for forfeiture *in rem* against seven parcels of real property, alleging that the properties were purchased with proceeds from the sale of illegal narcotics. **Doc. 1 at 13.** Edgar Rios subsequently filed a claim of innocent ownership over the property at 316 75th Street SW (hereinafter the "Property"). **Docs. 27, 31**. In May 2022, Mr. Rios' attorney withdrew from the case and moved overseas. **Doc. 53.** Without representation until January 2023, Mr. Rios largely disengaged from litigation related to his claim, failing to appear at his scheduled deposition or respond to a November 2022 court order to file written notice indicating his intention to pursue his claim. **Docs. 123-2 at 3-4, 108.**

While Mr. Rios was unrepresented, the United States served him with Requests for Admission (RFAs). **Doc. 79-1.** Mr. Rios' failure to respond to the RFAs resulted in the following deemed admissions: (i) Mr. Rios was not the true owner of the Property; (ii) Mr. Rios knew that the Property was purchased with funds generated from the sale of illegal narcotics; (iii) Mr. Rios received all funds to purchase the Property from another Claimant, Francisco Navarro; (iv) and Mr. Rios knew that the Property was being used for illegal activities. **Docs. 79-1 at 14, 108, 142 at 4.** Since Mr. Rios obtained new counsel in January 2023, he has been actively pursuing his

claim of ownership over the Property. Mr. Rios now seeks to withdraw the admissions made while he was unrepresented.[1] **Docs. 125, 142.**

## LEGAL STANDARD

Fed. R. Civ. P. 36(a) states that a party may serve upon any other party a written request for the admission of the truth of certain matters. If a party does not respond to the request for admission, the matter is conclusively established unless the court permits withdrawal or amendment of the admission. Fed. R. Civ. P. 36(b). A district court may permit withdrawal or amendment of admissions if (i) it would promote the presentation of the merits of the action and (ii) if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. *Id.*

Under the first Fed. R. Civ. P. 36(b) factor, the district court may allow withdrawal or amendment of admissions when "the presentation of the merits of the action will be subserved thereby." *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005). In other words, a court may allow the withdrawal of admissions if upholding the admissions would practically eliminate any presentation of the merits of the case. *Id.* at 1246, quoting *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1266 (11th Cir. 2002) (internal quotation marks omitted).

The second Fed. R. Civ. P. 36(b) factor requires a showing that the nonmoving party would be prejudiced by the withdrawal of the admissions. *See Raiser*, 409 F.3d at 1246. Mere inconvenience is not prejudicial, and a party must show something greater than a failure to meet deadlines as a reason to deny a request to withdraw admissions. *Id.* at 1246-47. When deciding whether a party may be prejudiced by withdrawal, the court's focus must be on the effect upon

---

[1] Between May 2022 and January 2023, Mr. Rios was *pro se*. Mr. Rios provided a declaration to the Court that he consulted with over six different law practices to gain representation after his earlier counsel unexpectedly withdrew before retaining his current counsel. **Doc. 126-1.**

3

the litigation and prejudice to the resisting party. *Kirtley v. Sovereign Life. Ins. Co.* (*In re Durability)*, 212 F.3d 551, 556 (10th Cir. 2000). The prejudice contemplated by Rule 36(b), therefore, relates to the difficulty the resisting party may face in proving its case, "not simply that the party who obtained the admission now has to convince the jury of its truth." *Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir. 1987).

The Tenth Circuit has found the unavailability of key witnesses, or the sudden need to obtain evidence regarding previously admitted matters on the eve of scheduled trial, as circumstances that would be prejudicial. *Raiser*, F.3d at 1246, quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995) (finding that parties prejudiced by withdrawal rely heavily on the admissions—for example, during trial or as a material part of trial preparation.) By contrast, a party's preparation of a summary judgment motion based on an erroneous admission is not prejudicial under Rule 36(b). *In re Durability*, 212 F.3d at 556.

## DISCUSSION

The United States argues that granting Mr. Rios' motion would reward Mr. Rios for his earlier lack of participation in the litigation. **Doc. 143 at 7**. The United States further argues that withdrawal of the admissions would prejudice it by forcing discovery to restart two years into the case when all other Claimants have settled. *Id.* **at 7-8.** After reviewing the Fed. R. Civ. P. 36(b) factors for the withdrawal of admissions and the relevant caselaw, the Court disagrees.

The United States has undeniably experienced unnecessary delays due to Mr. Rios' temporary failure to take part in this litigation. **Docs. 143 at 5-6, 149 at 4.** However, this Court previously found that Mr. Rios' inaction was neither willful nor in bad faith, but rather an inability to follow discovery requests because of his lack of representation**. Doc. 149 at 5.** Since

4

Mr. Rios obtained new counsel, he has litigated his Property claim, and now seeks to withdraw admissions under Rule 36(b). **Doc. 142.**

The first Fed. R. Civ. P. 36(b) factor is satisfied if withdrawal of admissions would promote the presentation of the merits of the action. Since he began pursuing his claim on the Property, Mr. Rios has maintained that he is an innocent owner of the Property. **Docs. 27, 31.** The admissions in question conceded core elements of Mr. Rios's claim, including that he was not the true owner of the Property and that the Property was purchased using funds generated from illicit activities. **Doc. 79-1 at 14, 16.** Therefore, allowing the withdrawal of admissions promotes a decision about the true owner of the Property on its merits, rather than one based on admissions made when Mr. Rios was a *pro se* litigant.

The second Fed. R. Civ. Pr. 36(b) factor is satisfied if the United States can show it would be prejudiced by the withdrawal of Mr. Rios' admissions. Unavailability of witnesses or a sudden need to obtain evidence with respect to admitted facts can be sufficiently prejudicial circumstances but inconvenience due to missed deadlines is not. *Raiser*, 409 F.3d at 1246. This Court previously found that the degree of actual prejudice to the United States resulting from Mr. Rios' lack of participation in litigation, including probing the claim and preparing for trial, was minimal. **Doc. 149 at 4.**

The United States argues that reopening discovery now would be unduly prejudicial because all other Claimants have settled and the motion to withdraw admissions was close to the tentative timeline for trial set in the Joint Case Management Plan. **Docs. 57, 143.** Despite this, the Court finds that there are no circumstances to suggest that the United States' reliance on the admissions were prejudicial beyond an admittedly long delay in responding to, and requesting withdrawal of, the admissions. No trial date was set in this matter, so there is no "sudden need"

for evidence related to the admissions on the eve of trial. *See Raiser*, F.3d at 1246. The United States has not pointed to the unavailability of key witnesses that would be prejudicial to the prosecution of its case. *See id.* Therefore, Mr. Rios' request to withdraw of admissions, while inconvenient, does not rise to the circumstances that the Tenth Circuit has deemed prejudicial. *See id.*

The United States also argues that the other Claimants would be prejudiced by the withdrawal of Mr. Rios' admissions. **Doc. 143 at 11.** The Court disagrees. The other Claimants in the case have settled their claims to the properties implicated in the United States' forfeiture *in rem* action. **Docs. 132, 133, 135, 139, 140.** Mr. Rios' claim goes to his specific interest in the Property and does not implicate the rights of any other Claimants. Even though another Claimant, Francisco Navarro, entered into a settlement that in part included an agreement to forfeit his rights to the Property, Mr. Rios is asking to adjudicate his own claim to the property, separate to Mr. Navarro's claim. **Doc. 143 at 11**. Notably, no other Claimants, including Mr. Navarro, have contested Mr. Rios' withdrawal of admissions.

After reviewing the Fed. R. Civ. P. 36(b) factors for withdrawal of admissions, the Court finds that granting withdrawal will allow Mr. Rios' claim to be decided on the merits and will not unduly prejudice the United States. Therefore, the Court grants Mr. Rios' Motion for Leave to Withdraw Admissions.

**IT IS THEREFORE ORDERED** that the Claimant Edgar Rios' Motion for Leave to Withdraw Admissions (Doc. 142) is **GRANTED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE